UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| GLORIA RODRIGUEZ-CURTIS, | ) | No. CV 10-02794-VBK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| v. | ) | |
| | ) | (Social Security Case) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the Administrative Record ("AR") before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified AR.

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge's ("ALJ") finding that

Plaintiff can perform medium work is supported by substantial evidence.

(JS at 4.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that for the reasons set forth, the decision of the Commissioner must be reversed.

**I**

**THE ALJ'S DETERMINATION THAT PLAINTIFF IS CAPABLE OF MEDIUM EXERTIONAL WORK IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE**

Plaintiff filed an application for Supplemental Security Income ("SSI") on September 28, 2004. (AR 19.) After administrative denials, she requested a hearing in 2005, which finally occurred on June 19, 2007. (AR 398-412.) On November 27, 2007, an adverse decision was issued. (AR 329-333.) Plaintiff requested review with the Appeals Council which, on June 25, 2008, vacated the ALJ's decision and remanded the matter for further hearing. (AR 37-40.)

A supplemental hearing was held on March 16, 2009. (AR 413-441.) Thereafter, the ALJ issued an unfavorable decision on September 8, 2009. (AR 19-28.) In that decision, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") for medium work with occasional climbing, stooping, kneeling, crouching, and crawling; and a restriction from climbing ropes. (AR 24.) Thereafter, Plaintiff unsuccessfully requested review with the Appeals Council (AR 13-15, 7-9), and this action ensued.

**A.   The ALJ's Decision.**

After finding that Plaintiff was capable of medium exertional work, the ALJ determined that, at Step Four of the sequential evaluation process, Plaintiff can perform her past relevant work as a Home Attendant and Project Director. (AR 24, 27.)

The RFC assessed by the ALJ exceeds the maximum functional capacity as determined by a board certified orthopedist who conducted a complete evaluation ("CE") on April 25, 2005 at the request of the Department of Social Services. (AR 163-167.) Dr. Moses took a history from Plaintiff, performed a complete physical examination, and assessed that Plaintiff can lift and carry 25 pounds occasionally and 10 pounds frequently, with other limitations not relevant to this decision. These exertional limits are less than those defined as medium work. (See 20 C.F.R. §416.967(c).) Medium work, as defined in the regulation, involves lifting no more than 50 pounds, with frequent lifting or carrying of objects weighing up to 25 pounds. In contrast, light work under the regulation involves lifting no more than 20 pounds occasionally, with frequent lifting or carrying of objects weighing up to 10 pounds. (See 20 C.F.R. §416.967(b).)

On May 12, 2005, the State Agency physician rendered an opinion that Plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently. This was generally consistent with Dr. Moses' opinion.

The ALJ rejected Dr. Moses' opinion, and thus the Court's task is to determine whether the rejection of that opinion was based on clear and convincing reasons, because that opinion was, in effect, uncontroverted. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995).

3

1   The ALJ first noted that Plaintiff reported to Dr. Moses that she
2 engaged in certain activities of daily living which, according to the
3 ALJ, contradicted Dr. Moses' assessment of Plaintiff's exertional
4 abilities. These activities included going to the post office and the
5 grocery store without assistance, walk 2-3 short blocks, sitting and
6 standing 1-2 hours at a time, driving, performing light housekeeping,
7 and lifting up to 10 pounds. (AR 26.) As Plaintiff notes, none of
8 these purported activities are in fact included in Dr. Moses' report.
9 The Commissioner gamely concedes that these descriptions by the ALJ of
10 Plaintiff's daily living activities were woven out of whole cloth, but
11 he still stands behind the ALJ's decision, citing Dr. Moses' notation
12 that Plaintiff drove herself to the interview and did light housework.
13 (See AR at 163.) The Commissioner goes further and points to
14 Plaintiff's testimony at the hearing, arguing that she had a "fairly
15 active social life that involved driving to and from church more than
16 once a week, going to lunch at a senior center, volunteering at a
17 convalescent home, and receiving guests." (JS at 16-17.) What the
18 Commissioner fails to address, however, is how such daily living
19 activities are transferrable to the requirements of full-time medium
20 exertional work.

21   The ALJ's next reason for rejecting Dr. Moses' opinion is based
22 on his conclusion that the opinion relies on Plaintiff's subjective
23 allegations which were taken "at face value and merely reiterated ...
24 in [the] report ..." (AR 26.) The Commissioner cites the ALJ's
25 reliance on the failure of Dr. Moses to do specific lifting tests, and
26 his lack of reliance on diagnostic imaging which assertedly would show
27 a condition that would limit Plaintiff's ability to lift and carry 25
28 pounds occasionally or 10 pounds frequently. (JS at 17, citing AR 26.)

4

In response to this, the Court observes that, having adjudicated literally hundreds of Social Security cases, many of which involve assessments of lifting capacity and other exertional abilities by physicians, the Court has never seen a case in which a physician actually conducted a specific lifting test with weights.  Physicians reach such conclusions based on their expertise, and through other forms of objective testing.  Dr. Moses performed such testing, and as a Diplomate of the American Board of Orthopaedic Surgery, he would obviously be qualified to render such an opinion.  Moreover, the mere fact that Plaintiff indicated her belief that she could carry 20 pounds, and Dr. Moses found she could lift 25 pounds, appears to be nothing more than a coincidence, and does not support an inference that Dr. Moses simply parroted Plaintiff's subjective assessments of her abilities.

The Court reaches a similar conclusion with regard to the ALJ's reasoning that Plaintiff's lack of narcotic pain medication or physical therapy fails to support the exertional restrictions noted by Dr. Moses.  Indeed, it is difficult to disagree with Plaintiff's contention that in making such an assessment, the ALJ was inserting his own medical opinion, which, of course, he is not qualified to do.

Finally, the ALJ discounts Dr. Moses' opinion because it is over four years old.  This is followed by the ALJ's statement that "[Plaintiff] has continued to obtain positive straight leg results at follow up appointments, ..." (AR 26.)  Certainly, if the ALJ felt that this opinion was stale, he should have developed the record and ordered another consultative examination.  In any event, Dr. Moses' opinions regarding Plaintiff's exertional abilities would appear to be not inconsistent with later medical evidence in the record, and of

course, there is no opinion in the record contrary to that of Dr. Moses.

The ALJ'S rejection of the opinion of the State Agency physician because it was premised on Dr. Moses' evaluation is unsupportable for the same reasons.

Finally, the Commissioner invites the Court to find harmless error based on a vocational analysis which posits that Plaintiff had at least four years of Specific Vocational Preparation ("SVP") for the program director position as it would be performed in the national economy, according to the Dictionary of Occupational Titles ("DOT"). The Court declines to enter into such an analysis, as it is not premised on any evidence in the record, or expert testimony by a vocational expert.

The Court is mindful of Plaintiff's request that this matter be remanded for an award of benefits. Indeed, Plaintiff's original application was filed almost seven years ago. The Court believes, however, that further evidence can be developed on remand, and full consideration should be given to the existing medical evidence. The Court certainly hopes, however, that based on the age of this case, the Commissioner will expedite the scheduling of a new hearing on remand.

For the foregoing reasons, this matter will be remanded for further hearing consistent with this Memorandum Opinion.

**IT IS SO ORDERED.**

DATED: February 15, 2011                    /s/
                                    VICTOR B. KENTON
                                    UNITED STATES MAGISTRATE JUDGE